UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joe Hand Promotions, Inc.,                   Case No. 3:13-cv-2024

        Plaintiff

   v.                                                   ORDER

Christine Markho, et al.,

        Defendants

      Defendant Johnny Gewarges seeks dismissal of Plaintiff Joe Hand Promotions, Inc.'s claims against him pursuant to Rule 12(b)(6). (Doc. No. 24). Joe Hand Promotions asserts Gewarges and the other named defendants violated 47 U.S.C. §§ 605 and 553, and also committed the tort of conversion, by illegally intercepting and displaying the broadcast of a Ultimate Fighting Championship bout to which Joe Hand Promotions had been granted exclusive national distribution rights. (Doc. No. 1). Gewarges asserts Joe Hand Promotions has failed to allege facts sufficient under Ohio law to pierce the corporate veil of JJ Matzinger, LLC, which operates a business in Toledo, Ohio, at which Gewarges works and which he allegedly controlled. Joe Hand Promotions argues I must deny Gewarges's motion because Ohio corporate veil law does not apply to the federal statutes at issue or intentional torts such as conversion.

      Rule 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to

dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Gewarges's motion to dismiss fails with regard to the statutory claims because Joe Hand Promotions' claims under those statutes seek to hold Gewarges liable for his personal conduct, and not merely because he allegedly is "the principal, alter ego, officer, director, shareholder, employee, agent, and/or other representative of Remy's Gentlemen's Club," where the broadcast allegedly was illegally displayed. (Doc. No. 12 at 3). Joe Hand Promotions alleges Gewarges "regularly exercises control" over the business and specifically directed the club's employees to intercept and display the broadcast. (Id.). State corporate veil law does not apply when the plaintiff seeks to prove the defendant is liable for the statutory violation due to the defendant's personal involvement in, and benefit from, the improper conduct. *See, e.g., J&J Sports Prods. v. The Green Plantain, Ltd.*, No. 1:12-cv-337, 2013 WL 3322061, at *4 (S.D. Ohio, July 1, 2013) (individual liability under § 605 requires a finding the individual authorized the underlying violation); *J&J Sports Prods., Inc. v. Ribeiro*, 562 F. Supp. 2d 498, 501 (S.D.N.Y. 2008) (granting default judgment against defendant who had supervisory control over and received a financial benefit from conduct that violated § 605). *Cf. Joe Hand Promotions, Inc. v. Sharp*, 885 F. Supp. 2d 953, 957 (D. Minn. 2012) (granting summary judgment to defendant because plaintiff merely showed defendant owned the business and failed to show defendant had "the requisite [supervisory] authority or financial interest to warrant individual liability" (citation omitted)); *Joe Hand Promotions, Inc. v. Jacobson*, 874 F. Supp. 2d 1010, 1013-14 (D. Or. 2012) (declining to pierce the corporate veil and granting summary judgment to defendant where plaintiff failed to offer proof defendant had personal involvement in illegally showing the broadcast). Taking its allegations as true, Joe Hand Promotions has adequately stated a claim against Gewarges individually.

I also deny Gewarges's motion to dismiss as it relates to the conversion claim. *See Carter-Jones Lumber Co. v. Dixie Distrib. Co.*, 166 F.3d 840, 846 (6th Cir. 1999) ("Under Ohio law, a corporate officer can be held personally liable for a tort committed while acting within the scope of his employment." (citing *Atram v. Star Tool & Die Corp.*, 581 N.E.2d 1110, 1113 (Ohio Ct. App. 1989) and *Bowes v. Cincinnati Riverfront Coliseum, Inc.*, 465 N.E.2d 904, 911 (Ohio Ct. App. 1983))); *see also Dehoff v. Vet. Hosp. Operations of Cent. Ohio, Inc.*, 2003-Ohio-3334, at *15 (Ohio Ct. App., June 26, 2003) (personal liability for tortious conduct not reliant on piercing corporate veil).

For these reasons, I deny Gewarges's motion to dismiss and order him to file an answer to the amended complaint within 30 days of the issuance of this order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge